**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4297**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND DRUMGOOLE,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, Senior District Judge.  (1:20-cr-00442-DKC-1)

───────────────

Submitted:  March 31, 2025                    Decided:  April 18, 2025

───────────────

Before AGEE, WYNN, and RUSHING, Circuit Judges.

───────────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Gerald C. Ruter, LAW OFFICES OF GERALD C. RUTER, P.C., Baltimore, Maryland, for Appellant.  David Christian Bornstein, Assistant United States Attorney, Clinton Jacob Fuchs, Assistant United States Attorney, Jason Daniel Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Drumgoole pled guilty, pursuant to a written plea agreement, to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[*] The district court sentenced him to 84 months' imprisonment, in accordance with the parties' Fed. R. Crim. P. 11(c)(1)(C) agreement, to be followed by a three-year term of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the district court's finding that Drumgoole was competent to enter a guilty plea and questioning whether Drumgoole's plea was knowing and voluntary. Although this court notified Drumgoole of his right to file a pro se brief and granted him an extension of time to do so, Drumgoole has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal as barred by Drumgoole's waiver of the right to appeal included in the plea agreement. We dismiss in part and affirm in part.

We start with the recognition that the appeal waiver does not prevent our review of the district court's finding that Drumgoole was competent to plead guilty. To explain, even a valid appeal waiver does not prevent appellate review of "a colorable claim that the plea agreement itself—and hence the waiver of appeal rights that it contains—is tainted by

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g)(1) convictions. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The new 15-year statutory maximum set forth in 18 U.S.C. § 924(a)(8) does not apply in this case because Drumgoole's offense occurred before the June 25, 2022, amendment to the statute.

2

constitutional error." *United States v. Attar*, 38 F.3d 727, 733 n.2 (4th Cir. 1994) (emphasis omitted). And a defendant's claim that he was not competent to enter into a plea agreement and plead guilty implicates his constitutional right to due process. *See Pate v. Robinson*, 383 U.S. 375, 378 (1966) (recognizing that "the conviction of an accused person while he is legally incompetent violates due process"); *United States v. Tucker*, 60 F.4th 879, 883 (4th Cir. 2023) ("A person who is not competent may not be tried for—or plead guilty to—a crime.").

Because Drumgoole did not object to the district court's conclusion that he was competent to proceed, our review is for plain error. *See United States v. Bernard*, 708 F.3d 583, 587-88 (4th Cir. 2013) (reviewing for plain error appellant's claim, raised for the first time on appeal, that court abused its discretion by failing to sua sponte reconsider its initial competency determination). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

In evaluating a defendant's competence to proceed, a district court must assess whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and [whether] he has a rational as well as factual understanding of the proceedings against him." *United States v. Roof*, 10 F.4th 314, 341 (4th Cir. 2021) (internal quotation marks omitted); *see Roach v. Martin*, 757 F.2d 1463, 1480 (4th Cir. 1985) (explaining that same competency standard applies to both standing

3

trial and pleading guilty).  "[N]either low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to [proceed]." *Roof*, 10 F.4th at 341 (internal quotation marks omitted).  "[R]ather, the evidence must indicate a present inability to assist counsel or understand the charges."  *Id.* (internal quotation marks omitted).  "Because district courts are in the best position to make competency determinations, which at bottom rely not only on a defendant's behavioral history and relevant medical opinions, but also on the district court's first-hand interactions with, and observations of, the defendant and the attorneys at bar, we appropriately afford them wide latitude."  *Id.* at 341 n.8 (cleaned up).

The district court found that Drumgoole was competent to proceed based on the report of a psychologist who evaluated Drumgoole and the court's own interactions with Drumgoole.  We have thoroughly reviewed the record and discern no plain error in that finding.

Drumgoole's appeal waiver similarly does not bar our review of the validity of his guilty plea.  *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (analyzing validity of Rule 11 hearing despite waiver).  Because Drumgoole did not move to withdraw his plea, we review its validity for plain error.  *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014).  "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty."  *Id.* at 816 (internal quotation marks omitted).

A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely

4

consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3). Any variance from the requirements of Rule 11 "is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h).

Our review of the record confirms that the district court substantially complied with Rule 11 and ensured that Drumgoole's plea was knowing, voluntary, and supported by an adequate factual basis. We therefore conclude that Drumgoole's guilty plea is valid. Our review further confirms that Drumgoole knowingly, voluntarily, and intelligently waived his right to appeal and, thus, that the appeal waiver is valid and enforceable. *See United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (explaining that "we will enforce [a] waiver" as to any issue within its scope if "the totality of the circumstances" reflect that the defendant entered into the waiver "knowingly and intelligently" (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Drumgoole's valid appeal waiver. We therefore grant in part the Government's motion to dismiss and dismiss the

5

appeal as to all issues within the waiver's scope.  We affirm the remainder of the criminal judgment.

This court requires counsel to inform Drumgoole, in writing, of the right to petition the Supreme Court of the United States for further review.  If Drumgoole requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Drumgoole.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*